UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:10-CV-00016-JHM

JOHNEY E. FINN, Administer
of the Estate of Shannon Ray Finn, et al.,                    PLAINTIFFS

V.

WARREN COUNTY, KENTUCKY, et. al.                    DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the County Defendants' Motion in Limine to Exclude

Certain Testimony of E. Eugene Miller [DN 111], Plaintiffs' Motion to Exclude William B.

Zuckerman as Expert at Trial [DN 112] and Plaintiffs' Motion to Exclude Donald Leach as Expert

at Trial [DN 114].  Fully briefed, these matters are ripe for decision.

I. BACKGROUND

The facts of this case are spelled out in greater detail in the Court's opinion addressing the

respective Defendants' motions for summary judgment.  In short, a pretrial detainee, Shannon Finn,

was being held at the Warren County Regional Jail when he began experiencing alcohol withdrawal.

Finn's withdrawal eventually spiraled into delirium tremens, and he was discovered dead in his cell.

Plaintiffs represent Finn's estate and his children.  The claims that have survived summary judgment

are claims under 42 U.S.C. § 1983 alleging deliberate indifference and failure to train, as well as

state law claims for negligence and gross negligence.

II. STANDARD OF REVIEW

Fed. R. Evid. 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to
understand the evidence or to determine a fact in issue, a witness qualified as an
expert by knowledge, skill, experience, training, or education, may testify thereto in

the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Under Rule 702, the trial judge acts as a gatekeeper to ensure that expert testimony is both reliable and relevant.  Mike's Train House, Inc. v. Lionel, L.L.C., 472 F.3d 398, 407 (6th Cir. 2006) (citing Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999)).  In determining whether certain testimony is reliable, the focus of the Court "must be solely on principles and methodology, not on the conclusions that they generate." Daubert, 509 U.S. at 595.  In Daubert, the Supreme Court identified a non-exhaustive list of factors that may assist the Court in assessing the reliability of a proposed expert's opinion including (1) whether a theory or technique can be or has been tested; (2) whether the theory has been subjected to peer review and publication; (3) whether the technique has a known or potential rate of error; and (4) whether the theory or technique enjoys "general acceptance" within a "relevant scientific community." Id. at 592-94.  This gatekeeping role is not limited only to expert testimony based upon scientific knowledge, but, instead, extends to "all 'scientific,' 'technical,' or 'other specialized' matters within" the scope of Rule 702. Kumho Tire, 526 U.S. at 147–48.

### III. DISCUSSION

### A. County Defendants' Motion to Exclude Certain Testimony of Eugene Miller

The County Defendants have moved to exclude Plaintiffs' jail policy and procedure expert, Eugene Miller, from offering the medical opinion that Finn's condition was "deteriorating" during the morning hours prior to his death.  The statements are found on the second page of Miller's expert report, wherein he states: "At no time did security staff advise the nurse of Mr. Finn's actions and deteriorating condition, while he was in the observation cell[;]" and "[the deputies] failed to

recognize the signs of a serious deterioration in his condition at 9:57 a.m. (if not before) and bring this dangerous change to the immediate attention of the medical staff[.]" (<u>See</u> Pls.' Resp. to Cnty. Defs.' Mot. to Exclude, Ex. 1, Expert Report of Eugene Miller 2.)  Defendants contend that Miller is not qualified to offer medical opinions, and that his opinions are not reliable because they are not based on sufficient facts or data.

Plaintiffs contend that Miller is not opining that Finn's condition deteriorated, but instead is citing an incontestable fact upon which he bases his opinion regarding the reasonableness of the WCRJ Staff's response to Finn's incarceration.  Plaintiffs argue that the documents reviewed by Miller, which primarily include the depositions of the deputy jailers, "show clearly that Mr. Finn's condition was deteriorating in the common understanding of the word." (Pls.' Resp. to Cnty. Defs.' Mot. to Exclude 3.)  Plaintiffs contend that the irrefutable evidence indicates that Finn was experiencing detoxification on March 19, that at 11:30 p.m. he was sweating and shaking and requested to see a nurse, that at 4:30 a.m. he was not only shaking and sweating, but also very delirious, that at 9:56 a.m. he was on his knees, with his face in his hands shaking and mumbling, and that less than an hour later he was found dead in a puddle of blood and yellow liquid.  Plaintiffs argue that this evidence would be described as a deterioration by anyone.  Furthermore, Plaintiffs' expert, Dr. Blondell, has described Finn's condition as growing worse, leading up to his death.  (<u>See</u> <u>id.</u>, Ex. 2, Expert Report of Dr. Blondell 1.)

The Court agrees that the identified statements are not medical opinions, but are instead part of the factual basis upon which Miller supports his opinion that the WCRJ Staff did not comply with generally accepted practices, principles and standards with regard to Finn's safety during his incarceration.  The evidence of record, as well as the expert report of Dr. Blondell demonstrate that

3

these statements are not medical opinions, but are instead Miller's interpretation of the facts surrounding Finn's incarceration.  As Defendants' arguments to exclude these statements revolve around the contention that they are medical opinions, and the Court has found that they are in fact not medical opinions, the Court rejects these arguments as unpersuasive.

Importantly, Defendants do not attack, as unreliable or unqualified, Miller's actual opinion that in light of the circumstances surrounding Finn's incarceration, that the Defendants did not comply with the generally accepted practices, principles, and standards for incarcerating individuals. To the extent that Defendants wish to contest this opinion by disputing that Finn's condition in fact deteriorated, such an argument is permissible.  However, the Defendants' disagreement on this issue goes to the weight of Miller's opinion, not its admissibility.  Accordingly, the Court **DENIES** the County Defendants' motion.

**B. Plaintiffs' Motion to Exclude Dr. William B. Zuckerman**

Dr. William B. Zuckerman is a licensed clinical psychologist who specializes in family and custodial evaluations.  The SHP Defendants have disclosed him as an expert to evaluate the loss of consortium claimed on behalf of Finn's three minor children.

Plaintiffs have moved to exclude Dr. Zuckerman, contending that his testimony is inadmissible as irrelevent under F.R.E. 402, that it does not satisfy the requirements of F.R.E. 702 and, in the alternative, that to the extent it is relevant it is prejudicial and will confuse the jury. Plaintiffs argue that Dr. Zuckerman's expert report is mere speculation and fails to offer any opinions that are based upon sufficient facts or data.

In Siegel v. Fisher & Paykel Appliances Holdings Ltd., 746 F. Supp. 2d 845 (W.D. Ky. 2010), the court discussed the admissibility of expert testimony containing speculation.

4

As the Sixth Circuit recently observed, "Rule 702, we recognize, does not require anything approaching absolute certainty," but "no matter how good experts' credentials may be, they are not permitted to speculate." Tamraz v. Lincoln Electric, Co., 620 F.3d 665, 671–72 (6th Cir. 2010). Informed speculation, even thoughtful speculation by a well-schooled expert, is not necessarily the type of scientific analysis that is appropriate for use at trial pursuant to Rule 702. Id. at 671. Conclusions, based on accurate data, may rest on a modicum of reasonable, reliable, speculation, that is informed by the rigorous application of the scientific method, particularly where, as here, the product being evaluated has been destroyed by its failure. But Mr. Crane's opinion, like that of the expert at issue in Tamraz, "contains not just one speculation, but a string of them," whose numerosity will not permit the string to hold. Id.

Siegel, 746 F. Supp. 2d at 849.

The Court notes that the expert report itself was not attached to either the Motion to exclude or the Defendants' Response. Moreover, neither the provided excerpts nor the Parties' briefs give any indication that an actual opinion was formed, much less what the factual basis for that opinion might be. The excerpts from Dr. Zuckerman's report repeatedly indicate what type of evidence *he believes* bears on the determination of Finn's parenting and relationship with his children. However, the report fails to demonstrate that Dr. Zuckerman has actually considered that information in Finn's case. Accordingly, the Court finds that Defendants have failed to demonstrate that Dr. Zuckerman's opinions are the product of reliable principles and methods. Thus, Dr. Zuckerman's proposed testimony is not based on sufficient facts or data to be admissible under Rule 702.

Defendants respond by arguing that Dr. Zuckerman's report was incomplete and will eventually incorporate additional information. Plaintiffs Reply notes that Defendants have already requested, and were granted, an extension on the time to supplement expert reports, which has now passed. Plaintiffs argue that the time to supplement has now come and gone, and still Dr. Zuckerman's report remains unsupported by facts. The Court agrees that the SHP Defendants had ample time to supplement Dr. Zuckerman's report and have failed to do so. As Dr. Zuckerman's

5

expert report and testimony lack the necessary factual support to be admissible under F.R.E. 702, the Court **GRANTS** Plaintiffs' motion to exclude his testimony from trial.

### C. Plaintiffs' Motion to Exclude Donald Leach

Plaintiffs have moved to exclude the report and testimony of the County Defendants' expert Donald Leach.  Plaintiffs contend that Leach's report contains improper medical, legal, and state of mind opinions that are inadmissible, and that after removal of these improper opinions, the report is nothing more than a cumulative restatement of the evidence, making it irrelevant and inadmissible under F.R.E. 402.  The County Defendants contend that the report contains no medical or state of mind opinions, but is an attempt to describe the testimony of relevant witnesses, upon which Leach has based his expert opinion.  As for the admissibility of legal opinions, the County Defendants contend that Leach's opinions are not legal opinions, but instead are an attempt to explain the evidence of record in layman's terms.

First, the Court notes that expert reports prepared in anticipation of trial are generally not admissible evidence at trial because they are considered hearsay.  See Engebretsen v. Fairchild Aircraft Corp., 21 F.3d 721, 729 (6th Cir. 1994) (citing Fed. R. Evid. 702 & 703).  However, the Court agrees with the County Defendants that Leach's report and testimony should not be excluded on the grounds that it contains improper medical and state of mind opinion testimony.  It is true that Leach cannot testify as to what any witness perceived, however, Leach's report merely opines that given the expected testimony of the deputy jailers, their actions were reasonable.  At trial, following the admission of such testimony from the witness, Leach is certainly entitled to opine to the reasonableness of that witness's actions in light of their admitted testimony.  As for Plaintiffs' claim that the report contains inadmissible medical opinions, the Court finds such a claim unsupported by

6

a full and fair reading of the report.

Plaintiffs also argue that Leach's report contains inadmissible legal opinions regarding the Defendants' deliberate indifference, or lack-there-of.  Leach's report states that the issue on which he is opining is whether "the staff of the Warren County Regional Jail [was] 'deliberately indifferent' to the serious medical needs of Mr. Shannon Ray Finn?"  (See Pls.' Mot. to Exclude Leach, Ex. 1, Leach's Expert Report 13.)  At the conclusion of his report, Leach opines that "[t]he actions of staff of the Warren County Regional Jail were not indifferent to the serious medical needs of Mr. Shannon Ray Finn."  (Id. at 21; see also id. at 22 (offering a similar statement).)

Plaintiffs contend that under Berry v. City of Detroit, 25 F.3d 1342, 1353–54 (6th Cir.1994) an "expert's opinion may embrace[ ] an ultimate issue to be decided by the trier of fact," but the expert is not free to offer an opinion as to a legal conclusion.  Defendants counter by citing Heflin v. Stewart County, 958 F.2d 709, 715 (6th Cir. 1992), which found that a district court did not commit reversible error by permitting an expert to opine that the defendants "were deliberately indifferent to Mr. Heflin's needs for emergency care[,]" because the expert used the phrase "in the way an ordinary layman would[.]"  The inconsistency between Berry and Heflin was addressed by the Sixth Circuit in Woods v. Lecureux, 110 F.3d 1215 (6th Cir. 1997).  The court found that

> Berry and Heflin shed light on the difficulty district courts face when determining whether to admit testimony that arguably amounts to a legal conclusion. Although Heflin indicates that district courts can exercise some discretion in determining whether the proffered testimony is helpful to the jury, Berry teaches that a district court abuses its discretion when it allows a witness to define legal terms, especially terms that carry a considerable amount of legal baggage.

Id. at 1220.

While the County Defendants argue that Leach's opinion is merely an explanation of the respective defendants' actions in layman's terms, resembling the testimony admitted in Heflin, the

7

Court disagrees.  The Court finds that Leach's opinion that the staff of the WCRJ was not indifferent to the serious medical needs of Finn is not a layman's explanation, but is instead an inadmissible legal conclusion.  As such, this statement invades the province of the Court and must be excluded.  See Berry, 25 F.3d at 1353–54.

Plaintiffs contend that Leach's legal conclusions render the entirety of his opinion inadmissible.  The Court disagrees.  Leach's expert report contains many admissible opinions regarding the reasonableness of the WCRJ Staff's reaction and treatment of Finn, the training received by the Staff, and the procedures employed by the WCRJ.  Leach's use of a legal conclusion regarding the ultimate issue of liability does not render these other opinions invalid, and Plaintiffs have cited no authority to state otherwise.  Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion to exclude Leach.  Plaintiffs' motion is **GRANTED** so as to exclude Leach's legal conclusion that the WCRJ staff was not deliberately indifferent to Finn's serious medical needs, and is **DENIED** in all other respects.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the County Defendants' Motion in Limine to Exclude Certain Testimony of E. Eugene Miller [DN 111] is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion to Exclude William B. Zuckerman as Expert at Trial [DN 112] is **GRANTED**.

**FURTHER** that the Plaintiffs' Motion to Exclude Donald Leach as Expert at Trial [DN 114] is **GRANTED IN PART** and **DENIED IN PART**.  It is **GRANTED** to the extent that Leach's opinion offers the legal conclusion that Plaintiffs were not deliberately indifferent to Finn's serious

medical needs.  It is **DENIED** in all other aspects.

Joseph H. McKinley, Jr., Chief Judge
United States District Court

July 27, 2012

cc: counsel of record

9