# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:10-CV-00016-M**

**JOHNEY FINN, Administrator of the Estate**
**of Shannon Ray Finn, deceased, et al.**          **PLAINTIFFS**

**VS.**

**WARREN COUNTY, KENTUCKY, et al.**          **DEFENDANTS**

## JURY INSTRUCTIONS

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Plaintiffs have proved their case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

## I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions,

or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The Plaintiffs have the burden of proving their case by what is called a preponderance of the evidence. That means that the Plaintiffs have to produce evidence that, considered in light of all the facts, leads you to believe that what the Plaintiffs claim is more likely true than not. If the Plaintiffs fail to meet this burden, the verdict must be for the Defendants.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, here in Court or by deposition, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

The following things are not evidence and you may not consider them in deciding what the facts are:

1)      Arguments and statements by lawyers are not evidence;



2)        Questions and objections by lawyers are not evidence;

3)        Testimony I have instructed you to disregard is not evidence; and

4)        Anything you may have seen or heard when the Court was not in session is not evidence.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have displayed; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or

circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

All of these are matters for you to consider in deciding the facts.

## OPINION EVIDENCE, EXPERT TESTIMONY

You have heard testimony from persons who have testified as opinion or expert witnesses. You do not have to accept the opinions. In deciding how much weight to give them, you should consider the witness's qualifications and how the witness reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing

the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

In this trial, these witnesses were, at times, asked hypothetical questions and they gave answers to such questions. In answering a hypothetical question, an opinion witness must accept as true every asserted fact stated therein, but this does not mean that you must. If you find that assumed facts are not proven, you should disregard the answer based on the hypothetical question.



## II. RULES OF LAW

## INSTRUCTION NO. 1

### 42 U.S.C. § 1983 Claims against Defendants
### Greg Martin, Tom Maxwell, and Allen White

The Plaintiffs bring claims against three individual deputy jailers—Greg Martin, Tom Maxwell, and Allen White—under the federal statute 42 U.S.C. § 1983. That statute provides that any person who, under the color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Because inmates must rely on the authorities to treat their serious medical needs, the law recognizes that jail administrators and officials have an obligation to provide adequate medical care to them. In order to prevail on a § 1983 claim against the jail administrators and officials, the Plaintiffs must establish that those persons acted with deliberate indifference to Shannon Finn's serious medical needs. In this case, the Plaintiffs claim that Mr. Finn's condition presented a serious medical need and that Defendants Martin, Maxwell, and White violated the United States Constitution by showing deliberate indifference to that need.

In order to show that a deputy jailer violated Mr. Finn's constitutional rights by being deliberately indifferent to his serious medical needs, the Plaintiffs must prove each of the following elements by a preponderance of the evidence:

**First**, that Mr. Finn had a serious medical need;

**Second**, that the deputy jailer was deliberately indifferent to Mr. Finn's serious

6

medical need; and

**Third**, that the deputy jailer's conduct was a substantial factor in causing Mr. Finn's death.

If you find that the Plaintiffs have proven each of these elements by a preponderance of the evidence, then you may find for the Plaintiffs.

If you find that the Plaintiffs have failed to prove any one of these elements by a preponderance of the evidence, then you should find in favor of the deputy jailer.

For the first element, you must determine whether Mr. Finn had a serious medical need. A "serious medical need" is a medical condition that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a lay person would easily recognize the need for medical care. In other words, a serious medical need is one which, if unattended to, would pose an excessive or substantial risk to the health of the inmate. This first element is to be examined objectively, focusing on the specific medical need.

For the second element, you must determine whether the deputy jailer was deliberately indifferent to Mr. Finn's serious medical need. In other words, you must find that the deputy jailer intentionally refused or failed to take reasonable measures to address Mr. Finn's serious medical need. Mere negligence or a lack of reasonable care on the part of the deputy jailer does not constitute deliberate indifference. However, proof that the deputy jailer acted for the very purpose of causing harm, or with knowledge that harm will result, is not required.

Please note that to find that a deputy jailer was deliberately indifferent, you must find

7

that deputy jailer actually knew that Mr. Finn had a serious medical need. It is not enough to show that the deputy jailer should have known about Mr. Finn's serious medical need. Also, it is not enough to show that a reasonable person would have known of Mr. Finn's serious medical need. Instead, a deputy jailer must have been aware that a serious risk of substantial harm to Mr. Finn existed. If you find that a deputy jailer was not aware of Mr. Finn's serious medical need, then you must find that he was not deliberately indifferent. This element is to be examined by a subjective analysis of each individual deputy jailer and his state of mind.



# INSTRUCTION NO. 2

## 42 U.S.C. § 1983 Claim against Defendant Warren County, Kentucky
## Based on Official Policy or Custom

The Plaintiffs also claim that Defendant Warren County is liable under § 1983. Warren County is not liable for violating Mr. Finn's constitutional rights simply because it employed the deputy jailers who may have violated Mr. Finn's constitutional rights. Instead, Warren County is liable under this claim only if the Plaintiffs can prove that Warren County's official policy or custom caused Mr. Finn's death. Put another way, Warren County is liable if its official policy or custom was the moving force behind Mr. Finn's death.

An "official policy or custom" means:

(1) A rule or regulation created, adopted, or ratified by Warren County; or

(2) A policy statement or decision made by Warren County's policy-maker; or

(3) A practice or course of conduct that is so widespread that it has acquired the force of law—even if the practice has not been formally approved.

You may find that an "official policy or custom" existed if there was a practice that was so persistent, widespread, or repetitious that Warren County's policy-maker either knew of it or should have known of it. You are instructed that Jackie Strode, the Warren County Jailer, is a policy-maker of Warren County.

Even if you find that no single employee violated Mr. Finn's constitutional rights, you may still find the Defendant Warren County liable under this Instruction if you believe from the evidence that the combined acts or omissions of several employees, acting under an official policy or custom of Warren County, violated Mr. Finn's constitutional rights.

9



To succeed on this claim against Warren County, the Plaintiffs must prove each of the following elements by a preponderance of the evidence:

**First**, that Mr. Finn's constitutional rights were violated;

**Second**, that the violation of Mr. Finn's rights was pursuant to an official policy or custom of Warren County;

**Third**, that in light of the duties assigned to specific officers or employees, the need for different policies and customs was so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy-makers of Warren County can reasonably be said to have been deliberately indifferent to the need; and

**Fourth**, Warren County's official policy or custom was a substantial factor in causing Mr. Finn's death.

If you find that the Plaintiffs have proven each of these elements by a preponderance of the evidence, then you may find for the Plaintiffs.

If you find that the Plaintiffs have failed to prove any one of these elements by a preponderance of the evidence, then you should find for Warren County.



## INSTRUCTION NO. 3

### 42 U.S.C. § 1983 Claim against Defendant Warren County, Kentucky
### Based on Failure to Train

The Plaintiffs also rely on § 1983 to claim that Mr. Finn's death was the result of Warren County's failure to train its deputy jailers and that this alleged failure can be considered to be the official policy of Warren County. **You can consider this claim only if you first find that Defendants Martin, Maxwell, and White, or any of them, violated Mr. Finn's constitutional rights.**

Warren County is not liable for violating Mr. Finn's constitutional rights simply because it employed the deputy jailers who may have violated Mr. Finn's constitutional rights. Instead, Warren County is liable under this claim if it failed to train its deputy jailers and this failure caused the deputy jailers, or any of them, to violate Mr. Finn's constitutional rights.

To succeed on this claim against Warren County, the Plaintiffs must prove each of the following elements by a preponderance of the evidence:

**First**, that Warren County did not adequately train its deputy jailers to detect and respond to the serious medical needs of Mr. Finn;

**Second**, that in light of the duties assigned to specific officers or employees, the need for more or different training was so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy-makers of Warren County can reasonably be said to have been deliberately indifferent to the need; and

11



**Third**, that Warren County's failure to provide proper training was a substantial factor in causing Mr. Finn's death.

If you find that the Plaintiffs have proven each of these elements by a preponderance of the evidence, then you may find for the Plaintiffs.

If you find that the Plaintiffs have failed to prove any one of these elements by a preponderance of the evidence, then you should find for Warren County.



## INSTRUCTION NO. 4

### Negligence Claims against Defendants Greg Martin,
### Tom Maxwell, Allen White, and William Baker

The Plaintiffs also assert that each of the jailers—Greg Martin, Tom Maxwell, Allen White, and William Baker—owed certain legal duties to Mr. Finn and were negligent in performing those duties.

You are instructed that it was the duty of each of these jailers to exercise ordinary care in their care and treatment of Mr. Finn while he was in their custody.

"Ordinary care" means such reasonable care as you would expect an ordinarily prudent person to exercise under similar circumstances. In deciding whether ordinary care was exercised in this case, the conduct in question must be viewed in the light of all the surrounding circumstances, as shown by the evidence in the case.

If you believe from the evidence that a jailer failed to comply with this duty and that such failure was a substantial factor in causing Mr. Finn's death, you may find for the Plaintiffs. Otherwise, you should find for the jailer.



## INSTRUCTION NO. 5

### Negligence Claim against Defendant John Adams, M.D.

The Plaintiffs assert that Defendant John Adams, M.D. owed certain duties to Mr. Finn and was negligent in performing those duties.

You are instructed that it was the duty of Dr. Adams, in his capacity as the Medical Director at the Warren County Jail, to exercise the degree of care and skill expected of a reasonably competent physician acting under similar circumstances. The conduct in question must be viewed in the light of all the surrounding circumstances, as shown by the evidence in the case.

If you believe from the evidence that Dr. Adams failed to comply with this duty and that such failure was a substantial factor in causing Mr. Finn's death, then you may find for the Plaintiffs. Otherwise, you should find for Dr. Adams.



## INSTRUCTION NO. 6

### Effect of Rules and Regulations

There has been evidence during trial concerning certain rules and policies of the Warren County Regional Jail and Southern Health Partners, as well as certain state regulations which pertain to the provision of medical care to inmates. The Plaintiffs argue that the Defendants failed to comply with those rules, policies, and regulations in dealing with Mr. Finn.

You are instructed that a Defendant's failure to comply with a rule, policy, or regulation does not necessarily mean that the Defendant was negligent or deliberately indifferent to Mr. Finn's serious medical needs. However, a failure to comply with rules, policies, or regulations may be considered by you in deciding whether a Defendant was negligent or indifferent to Mr. Finn's medical needs. You may take any such failures into account, but you are not obligated to regard those failures as establishing any element of the Plaintiffs' claims.



# INSTRUCTION NO. 7

## Impeachment

You have heard testimony that before trial, some witnesses made statements that may be different from their testimony here in court. These prior statements were brought to your attention only to help you decide how believable their testimony is. You cannot use these prior statements as proof of anything else. You can only use these prior statements as one way of evaluating their testimony here in court.



## INSTRUCTION NO. 8

### Multiple Defendants

You must give separate consideration to each claim and each party in this case. Although there are six Defendants, it does not follow that if one is liable, any of the others is also liable. In considering a claim against a Defendant, you must not consider evidence admitted only against other Defendants or only as to other claims.

It is your duty to separately consider the evidence as it relates to the individual duties of each Defendant, as defined in these instructions. No Defendant is responsible for any failure except their own.



# INSTRUCTION NO. 9

## Apportionment

If you find for the Plaintiffs under any of the above Instructions, then you must consider the apportionment of fault among those Defendants who are involved in this trial, as well as the apportionment of fault among others who were involved in the care and treatment of Shannon Finn, but not involved in this trial.

In this connection, you are instructed that Leah Price and Cheryl Wilson each had a duty in treating and attending to Mr. Finn to exercise the degree of care and skill expected of a reasonably competent licensed practical nurse acting under similar circumstances. The conduct in question must be viewed in the light of all the surrounding circumstances, as shown by the evidence in the case.

If you believe from the evidence that either Leah Price or Cheryl Wilson failed to comply with this duty, and if you also believe that such violation or failure was a substantial factor in causing Mr. Finn's death, then you will determine from the evidence what percentage of the total fault was attributable to her. Otherwise, you will not apportion any fault to Leah Price or Cheryl Wilson.

In determining the percentage of fault among those you believe to be at fault, you shall consider both the nature of the conduct of each person or entity at fault and the extent of the causal relation between the conduct and the damages claimed. You must determine the relative share of responsibility of each person or entity at fault. Your percentages must equal 100%.



## INSTRUCTION NO. 10

### Mitigation

You must also consider the conduct of Shannon Finn in this case. It was the duty of Mr. Finn to exercise ordinary care for his own safety. "Ordinary care" means such reasonable care as you would expect an ordinarily prudent person to exercise under similar circumstances.

If you believe from the evidence that Mr. Finn failed to comply with this duty and that such failure was a substantial factor in causing his death, then you will determine from the evidence what percentage of the total fault was attributable to Mr. Finn. Otherwise, you will not apportion any fault to Mr. Finn.



**Compensatory Damages**

If you find for the Plaintiffs on any of their claims against any of the Defendants, then, without regard to fault, you must determine the amount of money that will fairly and reasonably compensate the Plaintiffs for any injury that you find they sustained as a direct result of the failure to provide Mr. Finn with medical care. These are called "compensatory damages."

You should consider the following types of compensatory damages that you believe from the evidence the Plaintiffs have sustained, and no others:

1.      The mental or physical pain and suffering of Shannon Finn;

2.      The destruction of Mr. Finn's power to earn money;

3.      Mr. Finn's funeral and burial expenses; and

4.      Damages to Mr. Finn's children for the loss of love, affection, guidance, care, comfort, and protection of their father, during their respective minorities.

The fact that I instruct you on damages should not be taken by you as indicating one way or the other whether the Plaintiffs are entitled to recover damages. This is entirely for you to decide. Any damages you award must have a reasonable basis in the evidence. They need not be exact but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guesswork.

If you determine that the Plaintiffs are entitled to recover damages, your award should include compensation for losses attributable or related to Mr. Finn's pre-existing physical condition, but only if and to the extent that such pre-existing condition was aroused or



aggravated by the incident in question.

If you find in favor of the Plaintiffs but find that they have failed to prove compensatory damages, you must return a verdict for the Plaintiffs in the amount of some nominal sum, such as one dollar ($1.00).



# INSTRUCTION NO. 12

## Punitive Damages

If you found for the Plaintiffs against Defendants Martin, Maxwell, White, or Baker, and awarded compensatory or nominal damages under these Instructions, then you may, in your discretion, award punitive damages. However, you may only award punitive damages against Martin, Maxwell, White, or Baker if you believe that the particular Defendant's conduct involves a reckless indifference or disregard for Mr. Finn's constitutional rights, life, or safety.

Punitive damages are awarded against a Defendant for the purpose of punishing the Defendant for misconduct, and deterring him and others from engaging in similar conduct in the future. If you award punitive damages, they must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, bias, or prejudice with respect to any party to the case.

If you decide to award punitive damages, you shall consider the following factors:

(A) The harm to the Plaintiffs as measured by the damages you have awarded under these Instructions caused by a Defendant's failure to comply with his duties; and

(B) The degree, if any, to which you have found from the evidence that the Defendant's failure to comply with his duties was reprehensible, considering: the degree to which the Defendant's conduct evinced an indifference to or reckless disregard for the health and safety of others; the degree to which the harm to Mr. Finn was a result of intentional conduct, or mere accident; the likelihood, at the time of the Defendant's conduct, that serious

22



harm would arise from it; the degree of the Defendant's awareness of that likelihood; the profitability of the misconduct to the Defendant; the duration of the misconduct and any concealment of it by the Defendant; and any actions by the Defendant to remedy the misconduct once it became known to the Defendant.

The fact that I instruct you on punitive damages should not be taken by you as indicating one way or the other whether Plaintiffs are entitled to recover such damages. This is entirely for you to decide. You may impose punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts.



### III. JURY DELIBERATIONS

When you retire to the jury room, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court.

### REACHING AGREEMENT

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions. You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you consider all the evidence, discuss it fully with each other, and listen to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think this is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you

24



can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## NOTES

Now I'd like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

I have prepared a Verdict Form for your use in making your verdict. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. For example, do not write down or tell anyone that you are split 5-4, or 8-1, or whatever your vote happens to be. That should stay secret until you are finished.

