UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:10-CV-00016-M

JOHNEY FINN, Administrator of the Estate of
Shannon Ray Finn, deceased, et al.                                    PLAINTIFFS

V.

WARREN COUNTY, KENTUCKY,
SOUTHERN HEALTH PARTNERS, INC., et al.                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This case was tried over a period of seven days before a jury made up of citizens of the Western District of Kentucky. At the close of the case, the jury deliberated for less than one hour before finding unanimously in favor of the Defendants. This matter is now before the Court on various post-trial motions filed by Plaintiffs. These include: (1) Plaintiffs' FRCP 50(b) Renewed Motion for Judgment as a Matter of Law or, in the Alternative, FRCP 59(a)(1) Motion for New Trial [DNs 227, 240]; (2) Plaintiffs' FRCP 59(a)(1) Motion for New Trial [DNs 228, 241]; (3) Plaintiffs' FRCP 59(e) Motion to Alter or Amend Judgment or, in the Alternative, to Stay Execution [DN 229]; and (4) Plaintiffs' Motion for Hearing [DN 255]. This matter is also before the Court on Defendant, John Adams, M.D.'s, Motion to Join the County Defendants' Response to Plaintiffs' Motion for Hearing [DN 258]. Fully briefed, this matter is ripe for decision.

**A. PLAINTIFFS' FRCP 50(B) RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FRCP 59(A)(1) MOTION FOR NEW TRIAL [DNS 227, 240]**

Under Rule 50(a), a party is entitled to judgment as a matter of law on an issue if a party "has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . . ." Fed.

1

R. Civ. P. 50(a)(1). The Court denied Plaintiffs' motion for judgment as a matter of law at trial. Now, Plaintiffs renew their motion under Rule 50(b).

The standard of review for a Rule 50(b) motion is the same as a motion for summary judgment under Rule 56. White v. Burlington N. & Santa Fe R. Co., 364 F.3d 789, 794 (6th Cir. 2004), *aff'd sub nom.* Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006). Under this standard, the court views the evidence in the light most favorable to the non-moving party, "draw[ing] all reasonable inferences in favor of the prevailing party . . . ." Id. The court does not weigh the evidence, evaluate the credibility of the witnesses, or substitute its judgment for that of the jury. Tarrant Serv. Agency, Inc. v. Am. Standard, Inc., 12 F.3d 609, 613 (6th Cir. 1993). Here, Plaintiffs argue that there was insufficient evidence adduced at trial for a reasonable jury to find that the deputy jailers were not negligent. Plaintiffs also argue that there was insufficient evidence adduced at trial for a reasonable jury to find that Warren County was not deliberately indifferent to its jailers' need for more or different training. (See Pls.' FRCP 50(b) Renewed Mot. [DNs 227, 240].)

In the alternative, Plaintiffs move for a new trial under Rule 59(a)(1)(A). Under this rule, a new trial may be granted after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a). "Generally courts have interpreted this language to mean that a new trial is warranted when a jury has reached a 'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, *i.e.*, the proceedings being influenced by prejudice or bias." Holmes v. City of Massillon, Ohio, 78 F.3d 1041, 1045-46 (6th Cir. 1996) (citing cases). Indeed, a new trial may be granted "if a court determines that the verdict is clearly against the weight of the evidence." Denhof v. City of

Grand Rapids, 494 F.3d 534, 543 (6th Cir. 2007) (citing J.C. Wyckoff & Assoc. v. Standard Fire Ins. Co., 936 F.2d 1474, 1487 (6th Cir. 1991)).

In considering a motion for a new trial on the ground that the verdict is against the weight of the evidence, "the court is not to set aside the verdict simply because it believes that another outcome is more justified." Id. (citing TCP Indus., Inc. v. Uniroyal, Inc., 661 F.2d 542, 546 (6th Cir. 1981)). Instead, the court is to accept the jury's verdict "if it is one which reasonably could have been reached." Id. (quoting Duncan v. Duncan, 377 F.2d 49, 52 (6th Cir. 1967)).

After a review of the record, the Court declines to overturn the jury's verdict. Plaintiffs have failed to show that there was no legally sufficient evidentiary basis for the jury to find in the Defendants' favor. Considering the evidence presented to the jury in the light most favorable to the Defendants, the Court finds that a reasonable jury could have found that the jailers were not negligent. A reasonable jury also could have found that Warren County was not deliberately indifferent to its jailers' need for more or different training. For these reasons, and for the reasons set forth in the County Defendants' response to Plaintiffs' motion [DN 245], Plaintiffs' FRCP 50(b) Renewed Motion for Judgment as a Matter of Law or, in the Alternative, FRCP 59(a)(1) Motion for New Trial [DNs 227, 240] is **DENIED**.

### B. PLAINTIFFS' FRCP 59(A)(1) MOTION FOR NEW TRIAL [DNs 228, 241]

Plaintiffs next move for a new trial under Rule 59(a)(1). As noted above, under this rule, a new trial may be granted after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a). As a general rule, a court may grant a new trial if it finds that the trial was unfair or prejudicial to the moving party in some fashion. See Holmes, 78 F.3d at 1045-46. In this motion, Plaintiffs argue that the trial was unfair because the Court erroneously: (1) dismissed their negligence claims against Jailer Strode;

(2) permitted the Defendants' causation expert, Dr. Alan B. Weder, to testify; and (3) submitted a standard of care instruction to the jury concerning Defendant Adams. (See Pls.' FRCP 59(a)(1) Mot. for New Trial [DNs 228, 241].)

After a review of the record, the Court finds that Plaintiffs have failed to demonstrate that the trial was unfair or prejudicial to them such that a new trial is warranted. In other words, the errors advanced by Plaintiffs in their motion did not bias or prejudice Plaintiffs such that a new trial should be granted. For these reasons, and for the reasons set forth in the County Defendants' response to Plaintiffs' motion [DN 243] and Defendant Adams' response to Plaintiffs' motion [DN 246], Plaintiffs' FRCP 59(a)(1) Motion for New Trial [DNs 228, 241] is **DENIED**.

### C. PLAINTIFFS' FRCP 59(E) MOTION TO ALTER OR AMEND JUDGMENT OR, IN THE ALTERNATIVE, TO STAY EXECUTION [DN 229]

Plaintiffs next move the Court to alter or amend its judgment to set aside the requirement that they pay the County Defendants' costs. (See Pls.' FRCP 59(e) Mot. [DN 229].) As a general matter, a motion to alter or amend a judgment may be "made for one of three reasons: (1) An intervening change of controlling law; (2) Evidence not previously available has become available; or (3) It is necessary to correct a clear error of law or prevent manifest injustice." See United States v. Jarnigan, 2008 WL 5248172, at *2 (E.D. Tenn. Dec. 17, 2008) (citing Fed. R. Civ. P. 59(e); Helton v. ACS Grp., 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); see GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) is not intended to be used to "'relitigate issues previously considered' or to 'submit evidence which in the exercise of reasonable diligence, could have been submitted before.'" United States v. Abernathy, 2009 WL 55011, at * 1 (E.D. Mich. Jan. 7, 2009) (citation omitted); see also Elec. Ins. Co. v. Freudenberg-Nok, Gen. P'ship, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007) ("Such motions are not an opportunity for the losing party to offer additional arguments in support of its position.").

Here, Plaintiffs move to alter or amend the Court's judgment on the ground that such an alteration or amendment is necessary to prevent manifest injustice. In this respect, Plaintiffs turn to Rule 54(d). It provides that "costs . . . should be allowed to the prevailing party" unless a court order provides otherwise. Fed. R. Civ. P. 54(d). This language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court. See White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986). The Sixth Circuit has emphasized that Rule 54(d) was "intended to take care of a situation where, although a litigant was the successful party, it would be inequitable *under all the circumstances in the case* to put the burden of costs upon the losing party." Id. (quoting Lichter Found., Inc. v. Welch, 269 F.2d 142, 146 (6th Cir. 1959) (emphasis added)).

The Sixth Circuit has described several circumstances in which a denial of costs has been deemed a proper exercise of a district court's discretion. "Such circumstances include cases where taxable expenditures by the prevailing party are unnecessary or unreasonably large, cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues, cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, and cases that are close and difficult." Id. (internal quotation marks and citations omitted). The Sixth Circuit has also identified factors that a district court should ignore when determining whether to exercise its discretion and deny costs. "Examples of inappropriate factors include the size of a successful litigant's recovery and the ability of the prevailing party to pay his or her costs." Id. (citations omitted).

In Rosser v. Pipefitters Union Local 392, 885 F. Supp. 1068 (S.D. Ohio 1995), the court identified, in question form, several factors that a district court should consider in determining whether litigation costs should be awarded to a prevailing party, including:

a) Were the taxable expenditures unnecessary to the case or unreasonably large?
b) Should the prevailing party be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues?
c) Was the prevailing party's victory so insignificant that the judgment amounts to a victory for the opponent?
d) Was the case close and difficult?
e) Did the losing party act reasonably and in good faith in filing, prosecuting or defending the case?
f) Did the losing party conduct the case with propriety?
g) Have other courts denied costs to prevailing defendants in similar cases?
h) Did the prevailing party benefit from the case?
i) Did the public benefit from the case?
j) Did the case result in a profound reformation of current practices by defendant?
k) Does the award of costs have a chilling effect on other litigants?

Id. at 1071-72. The Court will consider each of these factors in turn.

**Size and Necessity of Taxable Expenditures.** In exercising its discretion, a court should look "first to whether the expenses are allowable cost items and then to whether the amounts are reasonable and necessary." Jefferson v. Jefferson Cnty. Pub. Sch. Sys., 360 F.3d 583, 591 (6th Cir. 2004). Here, the County Defendants claim $8,176.31 of costs, which includes $5,657.66 of transcript fees and $2,518.65 of witness fees. (Bill of Costs [DN 222] 1.) Plaintiffs do not argue that these claimed expenses are not allowable cost items. Likewise, they do not challenge either the reasonableness or the necessity of them. Therefore, the Court finds that this factor does not weigh in favor of granting Plaintiffs' motion. This case is simply inapposite to those cases in which the prevailing party claims unnecessary or unreasonably large expenses. See, e.g., United States ex rel. Pickens v. GLR Constructors, Inc., 196 F.R.D. 69, 75 (S.D. Ohio 2000) (finding that some of the defendant's trial expenses were "not necessary to the defense of the case").

**Penalization.** The next factor for the Court to consider is whether the County Defendants should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues. In this case, Plaintiffs do not claim that penalization is appropriate—and the Court, upon reviewing the record, finds that it is not. This factor also does not weigh in favor of granting Plaintiffs' motion.

**Significance of Defendants' Victory.** In addition, the Court must consider whether the County Defendants' victory is so insignificant that the judgment actually amounts to a victory for Plaintiffs. Here, the Court cannot say this is the case. After their deliberations, the jury reached a unanimous verdict in favor of the Defendants on all of the claims put before them. This was a significant victory for the Defendants, as they were exonerated from all liability. As in United States *ex rel.* Pickens, "the issues, facts, verdict, and the financial consequences that would have been at issue if Defendant[s] lost at trial were significant, and, therefore, did not amount to a 'moral' victory for [Plaintiffs]." 196 F.R.D. at 76. Accordingly, this factor does not weigh in favor of granting Plaintiffs' motion. Importantly, however, the Court finds that the remaining factors do weigh in Plaintiffs' favor.

**Closeness and Difficulty of the Case.** Next, the Court must consider whether the case was close and difficult. Plaintiffs argue, and the Court agrees, that this was a close and difficult case. In White & White, Inc., the Sixth Circuit explained that "[t]he closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." 786 F.2d at 732-33.

In this matter, the case involved several parties and was factually complex. It involved differing accounts on the cause of Shannon Ray Finn's death. It also required much explanation by the parties regarding the relationship between the Warren County Jail and Southern Health Partners with respect to the medical treatment of inmates at the Warren County Jail. The case involved protracted litigation, taking nearly three and one-half years between its filing and the jury's verdict. Also, it required the meticulous review of voluminous records. The case involved much briefing from the parties, and lengthy opinions from the court, on various issues. (See, e.g.,

Mem. Op. & Order [DN 132] (9-page opinion on the parties' motions to exclude certain experts); Mem. Op. & Order [DN 133] (49-page opinion on the parties' summary judgment motions); Mem. Op. & Order [DN 204] (35-page opinion on the parties' motions in limine).) In all, seven volumes of transcripts totaling over 1,300 pages were produced based on the trial. Moreover, the case was difficult in that it required the parties to answer unresolved questions regarding the proper applicable law in § 1983 cases.

While the Court recognizes that this case did not involve a lengthy 80-day trial with 43 witnesses, 800 exhibits, over 15,000 pages of transcripts, and a 95-page opinion by the court, see White & White, Inc., 786 F.2d at 732, it nonetheless finds that it was sufficiently close and difficult such that this factor weighs in Plaintiffs' favor. Thus, the County Defendants' argument that the case was "not close" because the jury "deliberated for less than an hour before reaching a unanimous verdict in [their] favor" is without merit. (See Cnty. Defs.' Resp. [DN 244] 6.)

**Reasonableness of Plaintiffs' Actions in Filing the Case.** The Court must next analyze whether Plaintiffs acted reasonably in filing their case. The Court finds that they did. The Sixth Circuit has held that the "good faith of unsuccessful litigants is a relevant consideration in Rule 54(d) deliberations." White & White, Inc., 786 F.2d at 731. Here, Plaintiffs acted in good faith. They settled with one Defendant, survived summary judgment prior to trial, and defeated many of Defendants' motions for directed verdict during trial. Further, the parties cooperated pre-trial during discovery, as well as in their use of joint exhibits. As a result, the Court finds that this factor weighs in Plaintiffs' favor. "Good faith without more, however, is an insufficient basis for denying costs to a prevailing party." Id.; Coyne-Delany Co., Inc. v. Capital Dev. Bd. of Ill., 717 F.2d 385, 390 (7th Cir. 1983). Therefore, the Court must continue to the next factor.

**Propriety.** The propriety with which the losing party conducts the litigation is another relevant, but insufficient, basis for denying costs. See White & White, Inc., 786 F.2d at 730; see also Delta Air Lines, Inc. v. Colbert, 692 F.2d 489, 490 (7th Cir. 1982). Here, the Court finds that Plaintiffs conducted the litigation with propriety, as did all the parties in the litigation. Thus, this factor also weighs in favor of granting Plaintiffs' motion.

**Other Courts' Denial of Costs.** The Court must next consider whether other courts have denied costs to prevailing defendants in similar cases. They have. As noted in Rosser, the Sixth Circuit "has specifically approved a denial of costs in close and difficult cases involving numerous parties, exhibits, transcript pages, and lengthy opinions." 885 F. Supp. at 1070 (citing cases). As noted above, the Court finds that this case was sufficiently close and difficult such that it would be equitable to require the parties to pay their own, respective costs.

**Defendants' Benefit from the Case.** Next, the Court must determine whether the County Defendants benefited from this case. They have. In Rosser, the court found that the prevailing defendants benefited from the case because they "vindicated themselves from an adverse finding of discrimination by the EEOC and established the validity of the practices and procedures which [had] been followed by the Union over a long period of time . . . ." 885 F. Supp. at 1072. Further, in United States *ex rel.* Pickens, the court found that the prevailing defendant benefited from the case because "in the end, Plaintiff failed to prove to the satisfaction of a jury that Defendant violated the FCA as alleged . . . ." 196 F.R.D. at 77. Here, the County Defendants benefited in a similar manner. By defending this case, they cleared themselves from liability. Plaintiffs could not prove to the jury's satisfaction that the County Defendants violated the rights of Shannon Ray Finn while he was in their custody. This factor weighs in favor of granting Plaintiffs' motion.

**Public's Benefit from the Case.** The Court must also consider whether the public benefited from this case. As to this factor, the Court is unsure of whether the public has received a specific, direct benefit. The Court believes it likely, however, that the public has received an indirect benefit. At one point during the trial, Jailer Jackie Strode testified: "What I do feel and what I've learned from this is that the policy I had in place, I did a poor job of trying to convey that, trying to write that out, and I will take the blame for that, that it was a poor job of putting down instructions." (Official Transcript Vol. 2 [DN 224] 5.) With this statement, Jailer Strode admitted that he might have done a poor job drafting the Warren County Jail's EMS Policy. This implies that in the future, Jailer Strode and others in the Warren County Jail may choose to draft clearer policies, logically leading to the better care of inmates. In addition, local media coverage brought to light issues concerning the treatment of individuals within the jail—and issues concerning the training of the jail's employees. This likely benefited the public. Accordingly, this factor weighs in favor of granting Plaintiffs' motion.

**Reformation of Defendants' Current Practices.** Next, the Court must ask whether the case resulted in a "profound reformation" of the County Defendants' current practices. In this respect, the Court notes that is unsure of whether the County Defendants' current practices have been "profoundly reformed." However, as was true in United States *ex rel.* Pickens, the Court is "confident that this case did serve as a sort of 'wake-up call'" to both the Warren County Jail and other jails within the Commonwealth. 196 F.R.D. at 77. The case served as a reminder that jails must remain cognizant of their actions and policies that impact inmates' rights to medical care.

**Chilling Effect on Other Litigants.** Lastly, the Court must consider whether the award of costs would have a chilling effect on other litigants. Plaintiffs argue that awarding costs to the County Defendants' would have a chilling effect on cases involving inmates' rights. They state:

> Litigation of this type often involves complex legal issues, interlocutory appeals, substantial discovery and expert costs, with little to no guarantee of an outcome to justify the effort. Barriers to litigation, like the Prison Reform Act, and public prejudice against those who are imprisoned, even just arrested, has sharply curtailed inmates' rights litigation. Most lawyers simply will no longer take these types of cases given the risks involved. An award of costs against Plaintiffs will only serve to chill further any effort to improve conditions in jails and prisons in Kentucky, or to recover the damages flowing from obvious abuses of an already unrepresented class.

(Pls.' FRCP 59(e) Mot. [DN 229] 4.) The County Defendants argue that Plaintiffs offer no legal or factual support for this argument. But the Court finds that Plaintiffs' concerns are warranted. The award of costs could have a chilling effect on other civil rights litigants. This factor weighs in favor of granting Plaintiffs' motion.

**Analysis.** After considering the totality of the circumstances and the record, the Court concludes that: (1) this was a close and difficult case; (2) Plaintiffs acted in good faith during the course of this litigation; (3) Plaintiffs acted with propriety; (4) other courts have denied costs to prevailing defendants in similar cases; (5) the County Defendants have benefited from the case; (6) the public benefited from Plaintiffs' filing of this lawsuit; (7) the case acted as reminder that jails must remain cognizant of their actions and policies that impact inmates' rights to medical care; and (8) it is likely that a "chilling effect" on future civil rights litigants is likely if Plaintiffs are taxed costs in such a case as this one. Weighing these factors with all of the other factors in White & White, Inc., the Court concludes that it is equitable for the parties to bear their own, respective costs in this case. Plaintiffs' FRCP 59(e) Motion to Alter or Amend Judgment or, in the Alternative, to Stay Execution [DN 229] is **GRANTED**.

### D. PLAINTIFFS' MOTION FOR HEARING [DN 255]

Plaintiffs have requested that the Court set a hearing for oral argument on their post-trial motions. (Pls.' Mot. for Hearing [DN 255].) But the Court finds that in light of its familiarity

with this case, and in light of the parties' briefing on the pertinent issues, oral argument is not necessary. Plaintiffs' Motion for Hearing [DN 255] is **DENIED**.

### E. CONCLUSION

For the above reasons, **IT IS HEREBY ORDERED** that Plaintiffs' FRCP 50(b) Renewed Motion for Judgment as a Matter of Law or, in the Alternative, FRCP 59(a)(1) Motion for New Trial [DNs 227, 240] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' FRCP 59(a)(1) Motion for New Trial [DNs 228, 241] is **DENIED**.

**FURTHER** that Plaintiffs' FRCP 59(e) Motion to Alter or Amend Judgment or, in the Alternative, to Stay Execution [DN 229] is **GRANTED**.

**FURTHER** that Plaintiffs' Motion for Hearing [DN 255] is **DENIED**.

**FURTHER** that Defendant, John Adams, M.D.'s, Motion to Join the County Defendants' Response to Plaintiffs' Motion for Hearing [DN 258] is **GRANTED**.

*[signature]*
**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

November 19, 2013

cc: counsel of record